## GEORGE POTTER vs. THE TOWN OF CANAAN.

In October, 1863, a draft having been made for the military service of the United States under an act of Congress, the town of C voted "that all those persons that have been drafted and accepted, and either go to the war or furnish a sub- stitute to go, shall receive from the town $300." The plaintiff was drafted on the 1st day of September, 1863, and procured a substitute who was accepted and served in his place. In November, 1863, the legislature authorized towns to confirm such votes, and provided that upon such confirmation they should be valid. The town of C, at a meeting called for that purpose in January, 1864, voted not to confirm. In July, 1864, the General Assembly passed

an act providing " that if any town has in any manner appropriated money for assisting persons who have been drafted, who have personally or by substitute entered the service of the UnitedStates to fill its quota, the action of such town is hereby ratified and confirmed and declared to be legal and binding." Held—1. That the effect of the act of 1864 was to validate the action of the town although unconfirmed. 2. That it did not affect this case that the bounty under the original vote was a gratuity to men already drafted.

ASSUMPSIT, brought to the Superior Court in Litchfield County, and tried on the general issue, closed to the court, before *Granger, J.* The court found the following facts :—

At a town meeting of the defendant town, legally holden on the 5th day of October, 1863, the following vote was passed: " *Voted.*—That all those persons that have been drafted and accepted, and either go to the war or furnish a substitute to go, shall receive from the town $300, or less, according to the price actually paid under said sum. This vote shall apply to all those that shall be drafted under the present call for 300,000 men, and apply only to the inhabitants of this town."

The plaintiff from his birth, and for more than two years after the passing of the vote, was a resident and inhabitant of the town, and on the 1st day of September, 1863, having been drafted into the service of the United States, to fill the quota of the town under the call for 300,000 men, and having been duly accepted, he procured a substitute for the sum of three hundred dollars, which was paid by him to the substitute, which substitute was accepted by the proper authority in the plaintiff's place, and entered the service and served in the place of the plaintiff, to fill the quota of the town, of which he gave due notice to the town on the 2d day of July, 1866.

At a town meeting duly holden on the 18th day of January, 1864. The following vote was passed: " *Voted.*—Not to sustain the vote of the town, taken October 5th, 1863, in regard to paying drafted men."

On these facts the court rendered judgment for the plaintiff, to recover of the defendants the sum of $361.25 damages and costs of suit.

The defendants brought the record before this court by a motion in error, assigning as error that the vote being a gratuitous vote and nothing having been paid or done by the plaintiff under it, the town had power to rescind it, and it having been rescinded by the town the legislature could not afterward make .it binding on the town; and that the court erred in not so deciding.

*Dean,* for the plaintiffs in error.

The vote of the defendants of October 5th, 1863, was a gratuity. *Usher* v. *Town of Colchester,* 33 Conn., 567. And remaining unexecuted it could be and was rescinded. *Terrett* v. *Town of Sharon,* 34 Conn., 105. And being a rescinded gratuitous vote, it did not bind the defendants. Besides the vote in its inception was illegal and could be validated only by an act of the legislature. *Booth* v. *Town of Woodbury,* 32 Conn., 118. But if validated, it could not be made binding on the defendants after the rescission. *Reed* v. *Town of Sharon,* 35 Conn., 191.

*Sedgwick,* for the defendant in error, cited *Booth* v. *Town of Woodbury,* 32 Conn., 118, and *Bartholomew* v. *Town of Harwinton,* 33 id., 408.

BUTLER, C. J. The case of *Bartholomew* v. *Town of Harwinton* is decisive of this.

In all their essential elements the cases are alike. In both the votes were passed in the fall of 1863, and both had express relation to the claimants. Potter was drafted and put in his substitute before the passage of the vote, and Bartholomew afterwards. Bartholomew also acted on the faith of the vote and Potter did not. But these differences are immaterial here. Both were within the purview of the votes, and the appropriation and promise were made by Canaan as well for Potter as for those who should be thereafter drafted, and the promises and appropriations in both cases, and without exception as made, were made obligatory and binding upon the towns in absolute terms by the statute of July, 1864. Whether

Potter, not having acted on the faith of the vote, could have recovered if the language of the statute had not been absolute, is a question we need not consider.

The statute was eminently just. All or nearly all the towns. of the state passed such votes in the summer and fall of 1863, when the legislature was not in session, and when they were without authority, but with the expectation that a validating. act would be passed when the legislature convened. Towns, drafted men, and volunteers, all acted under such an expectation. The legislature did not validate directly, but authorized the towns to confirm. Most of them did so; a few, including Harwinton and Canaan, did not. At their next session the legislature, assuming as we may presume that towns which did not ratify their votes would repudiate their action under them to the injury of those for whose benefit they were intended, passed the validating act in question. It is, as we have elsewhere said, broad in its terms, and embraces cases like this within its letter, and we must adhere to the construction heretofore given it.

There is no error in the judgment.

In this opinion the other judges concurred; except GRANGER, J., who having tried the case in the court below did not, sit.